UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| PHILLIP DWAYNE LOYD, | |
| Petitioner, | Criminal No. 15-142(1) (JRT/SER) |
| v. | **MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

---

Nico Ratkowski, **CONTRERA & METELSKA, P.A.**, 200 University Avenue West, Suite 200, Saint Paul, MN 55103 for petitioner.

Laura M. Provinzino, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for respondent.

Petitioner Phillip Dwayne Loyd brings a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255, arguing ineffective assistance of counsel and actual innocence, and requests an evidentiary hearing.  Because his allegations are conclusory, contradicted by the record, and fail to establish grounds that warrant relief, the Court will deny Loyd's § 2255 petition and will not grant an evidentiary hearing.  The Court will also decline to grant a certificate of appealability, as it is unlikely that another court would decide the issues raised in Loyd's Motion differently or order further proceedings.

## BACKGROUND

**I.     FACTUAL BACKGROUND**

On May 4, 2015, Phillip Dwayne Loyd was indicted by a grand jury on five criminal charges. Counts 1–3 were aiding-and-abetting charges in the sex trafficking of a minor and by force, fraud, and coercion of three minor victims. (Indictment, May 4, 2015, Docket No. 1.) Count 4 was for sex trafficking of a minor and sex trafficking by force, fraud, and coercion of a minor victim. (*Id.*) Count 5 was production of child pornography of a minor victim. (*Id.*) Seven months later, Loyd pleaded guilty to Counts 1 and 5. (Plea Agreement at 1, Jan. 25, 2016, Docket No. 79.) The United States then dismissed counts 2, 3, and 4. (*Id.*) In Loyd's guilty plea, this Court told him that to accept his plea there needed to be a sufficient factual basis for his conviction that he would admit to. (Change of Plea Hr'g Tr. at 7, Dec. 9, 2016, Docket No. 130.) Loyd went on to admit he recruited one of the minor victims to prostitution, facilitated the prostitution, and either recklessly disregarded or knew the victim was a minor. (*Id.* at 9-13). Regarding the video, Loyd admitted that it was a sexually explicit production of the minor victim. (*Id.* at 18).

In October 2016, the Court sentenced Loyd to 324 months in prison. (Sentencing Judgment at 2, Oct. 31, 2016, Docket No. 123.) The Eighth Circuit affirmed the sentence. (Opinion at 5, Mar. 29, 2018, Docket No. 132).

On August 6, 2019, Loyd filed a Motion to Vacate his sentence under 28 U.S.C. § 2255.

**DISCUSSION**

**I.  SECTION 2255**

Section 2255 allows a prisoner held in federal custody to move a sentencing court to "vacate, set aside or correct" a sentence.  28 U.S.C. § 2255(a).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

**II.  INEFFECTIVE ASSISTANCE OF COUNSEL**

Pursuant to the Sixth Amendment, a defendant has the right to effective assistance of counsel at all critical stages of a criminal proceeding, including plea agreements.  *Missouri v. Frye*, 566 U.S. 134, 140 (2012).  To prove ineffective assistance of counsel, a petitioner must show both (1) that counsel's performance "fell below an objective standard of reasonableness" and (2) that counsel's deficient performance was prejudicial to the defense.  *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984).

An attorney's performance falls below an objective standard of reasonableness when "acts or omissions were outside the wide range of professionally competent assistance."  *Id.* at 690.  This determination involves a delicate balance.  On one hand, the Court "should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case."

*Id.* On the other hand, the Court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Because "[j]udicial scrutiny of counsel's performance must be highly deferential," petitioner must overcome the strong presumption that counsel exercised reasonable professional judgement. *Id.* at 689.

Where counsel has erred through omission, the first prong of *Strickland's* standard requires reframing. "While the Constitution guarantees criminal defendants a competent attorney, it does not ensure that defense counsel will recognize and raise every conceivable constitutional claim." *Charboneau v. United States*, 702 F.3d 1132, 1137 (8th Cir. 2013) (quoting *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005)). The question then becomes one of reasonableness: was counsel's decision to omit an argument "an unreasonable one which only an incompetent attorney would adopt"? *Id.* (quoting *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005)).

Counsel's errors violating professional competence are prejudicial under *Strickland*'s second prong if the defendant shows that, but for the error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is one "sufficient to undermine confidence in the outcome." *Id.* In the context of plea agreements, the prejudice showing requires a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Loyd alleges that his counsel's performance fell below the standard of reasonableness required by the Minnesota Rules of Professional Conduct ("MRPC") and American Bar Association's Criminal Justice Standards ("ABA Standards"). These rules and standards of professional conduct can be used as guidelines in determining reasonableness of representation. *Bobby v. Van Hook*, 558 U.S. 4, 7 (2009). Even so, the ABA Standards and the MRPC cannot fully define the performance required by the Sixth Amendment. *Strickland*, 466 U.S. at 688–89 ("No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant.") In this case, none of the alleged deviations from professional conduct pass the two-prong test for ineffective assistance of counsel.

Loyd alleges that failing to allow him the opportunity to view the video evidence supporting Count 5 caused him to plead guilty although the video may not have constituted what Loyd calls the "highly-technical legal definition of child pornography." However, Loyd, as a layperson, has no specialized knowledge that would better position him to determine whether the evidence met the legal standard. And Loyd does not allege that his counsel failed to view the video evidence before making the recommendation to plead guilty.

Some of the alleged instances of deficient performance—failing to reveal the names of past clients to the Court and not keeping records after the representation

ended—do not relate to the criminal proceeding leading to Loyd's incarceration. The rest of the deficient-performance claims are conclusory or represent a difference in opinion on legal strategy. Petitioner cannot merely point to the allegedly insufficient number of hours worked or the number of motions filed without reference to an objective standard of reasonableness in representation. *Cf. Strickland*, 466 U.S. at 689–90 ("There are countless ways to provide effective assistance in any given case."). Loyd also points to his counsel's priorities in objecting to the Guidelines calculation at sentencing. However, choosing not to oppose the undue-influence adjustment in favor of pursuing a decrease in the offense level for acceptance of responsibility is not an objectively unreasonable strategic decision for defense counsel to make. Similarly, opting to describe the uncertainty regarding the possible sentence to be imposed in terms of probabilities is not objectively unreasonable.

    Loyd also argues that his counsel was ineffective by failing to object to the inclusion of a FOIA waiver in his plea agreement. The Court rejects this allegation as conclusory. Discovery waivers—including FOIA waivers—are common in modern plea agreements, although they perhaps should not be. *See* Susan R. Klein et al., *Waiving the Criminal Justice System: An Empirical and Constitutional Analysis*, 52 Am. Crim. L. Rev. 73, 85 (2015). Without more, failing to object to a FOIA waiver cannot alone constitute

ineffective assistance of counsel.[1]  Because Loyd fails to meet the *Strickland* test, he is not entitled to relief.

## III.   ACTUAL INNOCENCE

Notwithstanding ineffective assistance of counsel claims, a petitioner may argue his sentence was imposed illegally by demonstrating actual innocence.  *Bousley v. United States*, 523 U.S. 614, 622 (1998).  However, "dispositions by guilty plea are accorded a great measure of finality" and "[s]olemn declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 71, 74 (1977).  There are no allegations here that weigh heavily enough to rebut the strong presumption of favor of guilty pleas.

There are a number of alleged facts that if not contradicted by the guilty plea, would cast some uncertainty over Loyd's guilt to Counts 1 and 5.  For example, Loyd points out the unreliability of A.J. as an informant, facts which decrease the sexually explicit nature of his video of A.J., and issues concerning the actual age of A.J. and what Loyd

---

[1] The Eighth Circuit recently concluded that, despite a FOIA waiver, a prisoner was "not precluded from requesting records from the government" nor is the government "obligated to deny [such a] request."  *United States v. Gates*, 915 F.3d 561, 563 (8th Cir. 2019).  And nearly three years ago, the D.C. Circuit questioned whether such waivers are enforceable.  *See Price v. U.S. Dep't of Justice Att'y Office*, 865 F.3d 676, 681–82 (D.C. Cir. 2017) ("[I]n what way do FOIA wavers actually support 'efficient and effective prosecution?'  The government leaves us to guess.").  However, these developments do not make failure to object to these still-common components of plea agreements objectively unreasonable.

knew A.J.'s age to be. But, because Loyd unequivocally pled guilty to Counts 1 and 5, including the factual basis for both Counts, much more is required to overturn the strong presumption of the truthfulness of a guilty plea.

Considering Loyd's voluntary and knowing guilty plea, his new allegations are not sufficiently specific or supported to overcome his contradictory sworn testimony at the change-of-plea hearing. *See Blackledge*, 431 U.S. at 74 ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

## IV.   **EVIDENTIARY HEARING**

"Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013). An evidentiary hearing can be denied if the motion, files, and records of the case conclusively show either "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* at 1206–07. As described above, each of Loyd's allegations are contradicted by the record, inherently incredible, or conclusory. Therefore, the Court will deny Loyd's request for an evidentiary hearing.

**V.      CERTIFICATE OF APPEALABILITY**

A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *accord Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the case must deserve further proceedings. *Fliefer v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). The Court finds it unlikely that the issues are debatable among reasonable jurists, that another court would decide the issues raised in Loyd's motion differently, or that the issues deserve further proceedings. The Court therefore concludes that Loyd has failed to make the required substantial showing of the denial of a constitutional right and will therefore not grant a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate [Docket No. 142] is **DENIED**.

DATED: July 6, 2020
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court